# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CHRISTOPHER LANE,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 19-501V
Special Master Christian J. Moran

Filed: September 4, 2024

Diana L. Stadelnikas, Maglio, Christopher & Toale, Sarasota, FL, for petitioner;
Sarah B. Rifkin and Madelyn Weeks, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On April 4, 2019, Christopher Lane filed a petitioner seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that an influenza ("flu") vaccine he received on November 1, 2017, caused him to develop immune thrombocytopenia. The parties submitted

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

written evidence, including medical records, expert reports, and briefs. On June 7, 2024, the undersigned determined that Mr. Lane is entitled to compensation.

On August 29, 2024, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the Proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, the court awards petitioner the following:[2]

**A. A lump sum payment of $118,391.93 in the form of a check payable to petitioner; and,**

**B. A lump sum payment of $110,529.63, representing compensation for satisfaction of a Medicaid lien, in the form of a check payable jointly to petitioner and:**

**MediCal Program
Department of Health Care Services
Personal Injury Program, MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421
Ref.: Christopher Lane, DHCS Acct. No. C95079315F-001T**

Petitioner agrees to endorse the check to the State of California MediCal Program for satisfaction of the Medicaid lien.

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 19-501V according to this decision and the attached proffer.[3]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

|  |  |
|---|---|
| CHRISTOPHER LANE, | |
| Petitioner, | No. 19-501V |
| | Special Master Moran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 4, 2019, Christopher Lane ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered immune thrombocytopenic purpura ("ITP"), as the result of "a vaccination or vaccinations" administered on November 1, 2017.[1]  Petition at 1.

On December 30, 2022, petitioner filed a Memorandum in Support of Entitlement.  ECF No. 105.  *See also* Petitioner's Reply in Support of Motion For Entitlement, ECF No. 113. Respondent filed his Response on April 24, 2023, recommending that entitlement to compensation be denied.  ECF No. 110.  On June 7, 2024, the Court issued a Ruling on Entitlement, finding petitioner entitled to compensation for ITP that was caused-in-fact by the flu vaccine.[2]  ECF No. 120.

---

[1] Petitioner received influenza ("flu") and Hepatitis A vaccines on November 1, 2017.  Petitioner also received a typhoid vaccine, but that vaccine is not covered by the Act.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Court issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the June 7, 2024 entitlement decision.

**I.** **Items of Compensation**

A. Pain and Suffering

Respondent proffers that petitioner should be awarded $115,000.00 in pain and suffering

damages.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses

related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past

unreimbursable expenses in the amount of $3,391.93.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).

Petitioner agrees.

C. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a Medicaid lien in

the amount of $110,529.63, which represents full satisfaction of any right of subrogation,

assignment, claim, lien, or cause of action the State of California may have against any

individual as a result of any Medicaid payments made to or on behalf of petitioner from the date

of his eligibility for benefits through the date of judgment in this case as a result of his alleged

vaccine-related injury suffered on or about November 1, 2017 under Title XIX of the Social

Security Act.

The above amounts represent all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.** **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

The parties recommend that compensation provided to petitioner should be made through two

2

lump sum payments described below, and request that the Special Master's decision and the

Court's judgment award the following: [3]

    A.  A lump sum payment of **$118,391.93** in the form of a check payable to petitioner; and,

    B.  A lump sum payment of **$110,529.63**, representing compensation for satisfaction of a Medicaid lien, in the form of a check payable jointly to petitioner and:

MediCal Program
Department of Health Care Services
Personal Injury Program, MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421
Ref.: Christopher Lane, DHCS Acct. No. C95079315F-001T

Petitioner agrees to endorse the check to the State of California MediCal Program for satisfaction

of the Medicaid lien.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

Dated: August 29, 2024